**IN THE COURT OF APPEALS OF IOWA**

No. 16-1501
Filed November 9, 2016

**IN THE INTEREST OF J.H.,**
**Minor child,**

**C.H., Father,**
      Appellant,

**J.M., Mother,**
      Appellant.
_____

        Appeal from the Iowa District Court for Calhoun County, Adria A.D. Kester,

District Associate Judge.


        A mother and a father appeal the termination of their parental rights.

**AFFIRMED ON BOTH APPEALS.**


        Joseph L. Tofilon of Thatcher, Tofilon & Livingston, P.L.C., Fort Dodge, for

appellant father.

        Jeffrey S. Kuchel of Shors & Thomas, Pocahontas, for appellant mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Martha A. Sibbel of the Law Office of Martha Sibbel P.L.C., Carroll,

guardian ad litem for minor child.


        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

The mother and the father of J.H. appeal the order terminating their parental rights. We review their claims de novo. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). On de novo review, we are not bound by the juvenile court's fact findings, although we give them deference. *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116 [(2015)]." *Id.*

The Iowa Department of Human Services removed the child from the parents' care at birth after the child tested positive for methamphetamine and oxycodone. The mother admitted she and the father actively used methamphetamine throughout her pregnancy. After several months in foster care, the child was placed in the care of a paternal uncle and his wife, where the child remains.

After delaying termination for six months, the juvenile court eventually terminated the mother's and the father's parental rights under Iowa Code section 232.116(1)(h). There is no dispute that the State proved the grounds for termination under this section. *See P.L.*, 778 N.W.2d at 40 (noting that the court need not analyze whether the grounds for termination exist under section 232.116(1) where the parent does not dispute the existence of the grounds for termination). Neither parent was in a position to care for the child at the time of the termination-of-parental-rights hearing. Both admitted to substance abuse and addiction issues. Neither had completed the recommended mental health or substance abuse treatment. The mother tested positive for methamphetamine

just three weeks before the hearing and was facing charges for possession of methamphetamine. The father pled guilty to four felony charges and, as a result, faced a sentence of up to forty-five years in prison.

The parents instead argue termination is not in the child's best interests, citing their bond with the child.[1] *See* Iowa Code § 232.116(2) (listing the child's emotional condition and needs as factors to consider in determining whether to terminate parental rights). We disagree. Although delaying the termination decision may serve the parents' best interests, it is not in the best interests of the child.

The record shows the paternal uncle and his wife have bonded with the child, provided a safe home, and met the child's physical and emotional needs. They have a bond with the child and are willing to adopt the child to provide a permanent home. In contrast to the stability and consistency the paternal uncle and his wife have provided the child, the parents can offer nothing more than the hope that they may one day be able to do better.

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. Children require permanency. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially)

---

[1] The mother argues that placing the child in the guardianship of the paternal uncle and aunt is in the child's best interests. *See* Iowa Code § 232.104(2)(d)(1) (providing that after a permanency hearing, the court may enter an order transferring guardianship and custody of the child to a suitable person). However, before the court may enter a guardianship order, it must first find that terminating parental rights is not in the child's best interests. *See id.* § 232.104(3)(a). Our resolution of the best interests argument forecloses this claim.

(noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"). Here, the juvenile court gave the parents six additional months to demonstrate they could provide a home for the child, and they were unable to do so. Delaying permanency any further is not in the child's best interests. As we have stated numerous times, children are not equipped with pause buttons. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987); *see also In re D.J.R.*, 454 N.W.2d 838, 845 (Iowa 1990) ("We have long recognized that the best interests of a child are often not served by requiring the child to stay in 'parentless limbo.'" (citation omitted)); *In re Kester*, 228 N.W.2d 107, 110-11 (Iowa 1975) (refusing to "gamble with the children's future" or force the children to "await their [parent]'s maturity" where the parent's history shows "good intentions, but feeble resistance to temptation and wrongdoing").

The parents also seek to avoid termination of their parental rights under one of the exceptions set forth in section 232.116(3). These exceptions are permissive, not mandatory. *See also In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by P.L.*, 778 N.W.2d at 39-40. We may apply the exceptions in our discretion based on the circumstances of each case and the child's best interests. *See id.* Having found termination is in the child's best interests, we decline to apply any exception to termination provided in section 232.116(3). Accordingly, we affirm.

**AFFIRMED ON BOTH APPEALS.**